UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LUIS PASCUAL NUGZHI GUARACA, *individually and on behalf of others similarly situated,*

    -against-

CAFETASIA INC. (d/b/a SOMTUM DER), GRAMERCY THAI INC. (d/b/a LANTERN THAI KITCHEN), NAMJIT INC. (d/b/a Cafetasia), THAI MONTAGUE, INC. (d/b/a LANTERN THAI KITCHEN), SOPANUT SOPOCHANA, KITTIGRON LIRTPANARUK, PHAKPHOOM SIRISUWAT, SUPANEE KITMAHAWONG, and KEVIN LEAPAGERS
            Defendants

Case No.: 17cv1516(VSB)

------------------------------------------------------------------x

# DEFENDANTS' MEMORANDUM OF LAW
# IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

CUOMO LLC
BY: OSCAR MICHELEN (OM 5199)
200 Old Country Road
Suite 2 South
Mineola, NY  11150-4242
Tel: 516-741-3222
Fax: 516 741-3223
*Attorneys for Defendants Gramercy Thai Namjit, Thai Montague, Sopochana Lirtpanaruk and Leathers*

# TABLE OF CONTENTS

1.  Table of Authorities ……………………………………………….   ii

2.  Preliminary Statement ……………………………………………   1

3.  Statement of Facts ………………………………………………..   1

4.  Argument ……………………………………………………………   1

POINT I

BECAUSE EACH CORPORATION IS OPERATED
INDEPENDENTLY THE DEFENDANTS DO NOT
QUALIFY AS JOINT EMPLOYERS UNDER
THE FAIR LABOR STANDARDS ACT
OR THE NEW YORK LABOR LAW   ………….   1


POINT II

BECAUSE THE INDIVIDUAL MOVANTS
DID NOT EXERCISE OPERATIONAL CONTROL OVER ANY OF
THE RESTAURANTS SUMMARY JUDGMENT MUST BE GRANTED …   7


POINT III

SEVERANCE OF THE CLAIMS AGAINST THE THREE CORPORATE
MOVANTS IS REQUIRED UNDER FRCP RULE 21
BECAUSE THE CLAIMS CALL FOR DIFFERENT FACTS AND WITNESSES
AND PREJUDICE WOULD RESULT IF THE CASES WERE JOINED . . …   10

5.  Conclusion …………………………………………………………….   13

**TABLE OF AUTHORITIES**

**Cases**

*D'Amico v. City of New York,* 132 F.3d 145, 149 (2nd Cir.1998)....................................................... 2
*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). ............................................................ 2
*Antenor v. D & S Farms,* 88 F.3d 925, 929–38 (11th Cir.1996) ....................................................... 4
*Barfield v. NYC Health & Hosp. Corp.* 537 F.3d 132 (2d Cir.2008). .............................................. 2
*Baystate Alternative Staffing, Inc. v. Herman,* 163 F.3d 668, 678 (1st Cir.1998). ......................... 9
*Brock v. Superior Care, Inc.,* 840 F.2d 1054, 1058 (2d Cir.1988) .................................................. 4
*Carter v. Dutchess Community College,* 735 F.2d 8, 12 (2d Cir.1984).......................................... 3
*Chen v. St. Beat Sportswear, Inc*., 364 F.Supp.2d 269, 278 (E.D.N.Y.2005) ................................. 5
*Diaz v. Consortium for Worker Educ., Inc.*, 2010 WL 3910280, at * 2–4 (S.D.N.Y. Sept. 28,
    2010). ......................................................................................................................................... 5
*Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962, 966 (6th Cir.1991)........................................... 8
*Donovan v. Agnew,* 712 F.2d 1509, 1511 (1st Cir.1983)................................................................. 8
*Donovan v. Sabine Irrigation Co.,* 695 F.2d 190, 194–95 (5th Cir.1983)....................................... 8
*Fischl v. Armitage,* 128 F.3d 50, 55 (2nd Cir. 1997) ........................................................................ 2
*Gallo v. Prudential Residential Services, Ltd. Partnership,* 22 F.3d 1219, 1224 (2nd Cir. 1994) .. 2
*Garcia v. La Revise Assocs. LLC*,2011 WL 135009, at 5 (S.D.N.Y. Jan. 13, 2011)...................... 5
*Goldberg v. Whitaker House Coop., Inc.,* 366 U.S. 28, 33 (1961) .................................................. 4
*Hart v. Rick's Cabaret, Inc.,* 967 F.Supp2d 901 (SDNY 2013) ...................................................... 2
*Herman v.  RSR Sec. Serv. Ltd,* 172 F.2d 132 (2d Cir. 1999),........................................................ 8
*Herman v. RSR Sec. Services Ltd.* 172 F.3d 132 (2d. Cir.1999)..................................................... 3
*Herman v. RSR Security Services Ltd.,* 172 F.3d 132, 139 (2d Cir.1999) ...................................... 4
*Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir.2013) ............................................................... 9
*Lewis v. Triborough Bridge & Tunnel Auth.,* No. 97 Civ. 0607(PKL), 2000 WL 423517, at 2
    (S.D.N.Y. April 19, 2000)......................................................................................................... 11
*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585-87 (1986) ........................ 1
*Morris v. Northrop Grumman Corp.,* 37 F.Supp.2d 556, 580 EDNY 1999) ............................... 11
*New York v. Hendrickson Bros., Inc.,* 840 F.2d 1065, 1082 (2d Cir.1988) .................................. 10
*Paz v. Piedra*, 2012 WL 12518495 (SDNY) ................................................................................... 5
*Pfohl Bros. Landfill Site Steering Comm. v. Allied Waste Sys., Inc.*, 255 F.Supp.2d 134, 179
    (W.D.N.Y.2003) ......................................................................................................................... 7
*Ricciuti v. New York City Transit,* 796 F.Supp. 84, 86 (S.D.N.Y.1992) ...................................... 11
*Severin v. Project OHR, Inc*., 2011 WL 3902994, at *6–7 (S.D.N.Y. Sept. 2, 2011).................... 5
*Spicer v. Pier Sixty LLC,* 269 F.R.D. 321, 335 n.13 (S.D.N.Y.2010) ............................................ 5
*Torres–Lopez v. May,* 111 F.3d 633, 639–45 (9th Cir.1997) ......................................................... 4
*United States v. Rosenwasser,* 323 U.S. 360, 363 & n. 3, (1945).................................................. 4
*Wirtz v. Pure Ice Co.,* 322 F.2d 259, 262 (8th Cir.1963)................................................................ 7

**Statutes**
29 U.S.C. § 203(e)(1)....................................................................................................................... 4
29 U.S.C. § 203(g). .......................................................................................................................... 4
N.Y. Lab. Law § 2(7)....................................................................................................................... 5

**Rules**
Fed. R. Civ. P. 56(c) ................................................................................................................ 1
Fed. R .Civ. P. 21 .................................................................................................................... 10
Fed. R. Civ. P. 42(b) ............................................................................................................... 10

**Treatises**
9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 2387 ........ 10

**Regulations**
29 C.F.R. § 791.2 (2003) ......................................................................................................... 4

**PRELIMINARY STATEMENT**

This Memorandum of Law is submitted in support of Defendants Gramercy Thai, Inc.'s, Namjit, Inc's, Thai Montague Inc.'s, Sopanut Sopochana's, Kittigron Lirtpanaruk's and Kvein Leathers' motions for summary judgment pursuant to Federal Rule of Civil Procedure Rule 56.

**STATEMENT OF FACTS**

The relevant facts are set forth in the accompanying Rule 56.1 statement; the affidavits of Supanee Kitmahawong, Phakphoom Sirisuwat, Kittigron Lirtpanaruk, Sopachana Sopanut, and Kevin Leathers (sued herein as Kevin Leapagers); and the affirmation of Oscar Michelen, dated July 14, 2017, filed in support of the motion.

**ARGUMENT**

**POINT I**

**BECAUSE EACH CORPORATION IS OPERATED INDEPENDENTLY THE DEFENDANTS DO NOT QUALIFY AS JOINT EMPLOYERS UNDER THE FAIR LABOR STANDARDS ACT OR THE NEW YORK LABOR LAW**

**STANDARD OF REVIEW**

Summary judgment is appropriate when the record before the Court shows "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585-87 (1986). The moving party has the burden to demonstrate that no genuine issue of material fact exists. *Id.* at 586. If the moving party carries its burden, the non-moving party must come forward with "specific facts showing there is a *genuine issue for trial." Id.* (quoting Fed. R. Civ. P. 56(c)) (emphasis in the original). The non-moving party, however, "may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that

1

its version of the events is not wholly fanciful." *D'Amico v. City of New York,* 132 F.3d 145, 149 (2nd Cir.1998). A genuine issue exists if a reasonable jury could find in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

The Court's role on a motion for summary judgment is one of "issue-finding," not "issue-resolution." *Gallo v. Prudential Residential Services, Ltd. Partnership,* 22 F.3d 1219, 1224 (2nd Cir. 1994). Therefore, the Court's charge is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a *genuine* issue for trial." *Anderson,* 477 U.S. at 249. The Court must draw all reasonable inferences in favor of the non-moving party. *Matsushita,* 475 U.S. at 586. "Credibility assessments" and "choices between conflicting versions of events," when material to the inquiry, are determinations that the Court must leave for a jury. *See Fischl v. Armitage,* 128 F.3d 50, 55 (2nd Cir. 1997).

## ANALYSIS

Plaintiff has brought suit against four corporations and five individuals alleging violations of the Fair Labor Standards Act (FLSA) and the New York State Labor Law (NYSLL). In his complaint, he justifies combining claims against these seven entities by characterizing all of the defendants as "joint employers." See Plaintiff's complaint at paragraphs 29-39.

Defendants acknowledge at the outset that the Second Circuit has stated that the determination of "joint employer status" is rarely appropriate to make at the summary judgment stage, "[b]ecause of the fact-intensive character of a determination of joint employment." *Barfield v. NYC Health & Hosp. Corp.* 537 F.3d 132 (2d Cir.2008). That is because the analysis is normally looking at related corporate entities or subsidiaries, *see e.g. Hart v. Rick's Cabaret, Inc.,* 967 F.Supp2d 901 (SDNY 2013); employees placed at a place of employment by an agency

2

or contractor, *see, e.g. Barfield, supra, Chen v. Beat Street Sportswear, Inc.,* 364 F.Supp.2d 269 (EDNY 2005); or shareholders, officers or co-employees of the plaintiff's place of employment, *see, e.g. Herman v. RSR Sec. Services Ltd.* 172 F.3d 132 (2d. Cir.1999).

None of those scenarios is present here. Each of these corporations has distinct Federal Employment Identification numbers; they maintain separate bank accounts; they maintain separate payroll records; they do not buy goods or services collectively; and they maintain separate ownership in that no individual defendant owns shares in all four corporations. *See* affidavit of Supanee Kitmahawong and the payroll and bank records attached as exhibits to the motion.

Supanee Kitmahawong is the sole shareholder of Namjit; Phakphoom Sirisuwat is the sole shareholder of Thai Montague; these two individuals are the co-owners of the other two corporate defendants, Cafetasia Inc. and Gramercy Thai; neither had any control over employees at the locations solely owned by the other. *See* affidavit of Supanee Kitmahawongand Phakphoom Sirisuwat.

In *Carter v. Dutchess Community College,* 735 F.2d 8, 12 (2d Cir.1984), the Second Circuit adopted a test for joint employment which examines whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. While there may be issues of fact at the two co-owned locations with respect to whether each shareholder qualifies as "joint employer" there is no such issue of fact as to the single ownership entities – Namjit, Inc. and Thai Montague Inc.  As the affidavit of Supanee Kitmahawong attests, she had no right to hire and fire employees at Thai Montague, Inc. which is exclusively owned by defendant Sirisuwat. Defendant Sirisuwat's affidavit attests

3

that he had no right to hire and fire employees at Namjit, Inc. which is exclusively owned by defendant Kitmahawong.

As to the defendant corporations that are co-owned by defendants Kitmahawong and Sirisuwat – Cafetasia, Inc and Gramercy Thai , Inc. – they did not co-mingle funds or even buy supplies together. They acted as separate corporate entities that both employed plaintiff. As the payroll records field in support of the motion attest, plaintiff was paid by the appropriate corporation for the hours he worked at each respective corporation.

The FLSA defines "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). An entity "employs" an individual under the FLSA if it "suffer[s] or permit[s]" that individual to work. 29 U.S.C. § 203(g). This definition is necessarily a broad one, in accordance with the remedial purpose of the FLSA. *See United States v. Rosenwasser,* 323 U.S. 360, 363 & n. 3, (1945); *Brock v. Superior Care, Inc.,* 840 F.2d 1054, 1058 (2d Cir.1988). An entity "suffers or permits" an individual to work if, as a matter of "economic reality," the entity functions as the individual's employer. *See Goldberg v. Whitaker House Coop., Inc.,* 366 U.S. 28, 33 (1961) (explaining that " 'economic reality' rather than 'technical concepts' is ... the test of employment" under the statute); *see also Herman v. RSR Security Services Ltd.,* 172 F.3d 132, 139 (2d Cir.1999) ("[T]he overarching concern is whether the alleged employer possessed the power to control the workers in question."). The regulations promulgated under the FLSA recognize that a worker may be employed by more than one entity at the same time. *See* 29 C.F.R. § 791.2 (2003); *see also Torres–Lopez v. May,* 111 F.3d 633, 639–45 (9th Cir.1997) (permitting claims against joint employers under FLSA); *Antenor v. D & S Farms,* 88 F.3d 925, 929–38 (11th Cir.1996) (same). In the present case, it is undisputed that the Defendants each employed plaintiffs at different times. The issue is whether while plaintiff was

4

working at Gramercy Thai, was he also being employed by Cafetasia Inc , Namjit, Inc and Thai Montague, Inc. and vice versa.

A joint employment relationship does not exist if the alleged joint employers "are acting entirely independently of each other and are completely disassociated with respect to the employment of a particular employee." *Id.* § 791.2(a). A joint employment relationship may exist, however, if the putative joint employers are not completely disassociated with respect to the employment of a particular worker. *See id.* §§ 791.2(a)–(b). Determining whether two entities jointly employ a particular worker involves the same application of the factors as is required to determine whether a single entity is the employer of a worker. *See Severin v. Project OHR, Inc.,* 2011 WL 3902994, at *6–7 (S.D.N.Y. Sept. 2, 2011); *Diaz v. Consortium for Worker Educ., Inc.,* 2010 WL 3910280, at * 2–4 (S.D.N.Y. Sept. 28, 2010).

The NYLL's definition of employment is nearly identical to the FLSA's. *Compare* 29 U.S.C. § 203(g) (" 'Employ' includes to suffer or permit to work."), *with* N.Y. Lab. Law § 2(7) (" 'Employed' includes permitted or suffered to work."); *see also Garcia v. La Revise Assocs. LLC,* 2011 WL 135009, at 5 (S.D.N.Y. Jan. 13, 2011) ("New York's 'employer' provisions are equally [as] broad [as the FLSA's]._") (citing *Spicer v. Pier Sixty LLC,* 269 F.R.D. 321, 335 n.13 (S.D.N.Y.2010)). As a result, courts in this circuit "hold that the New York Labor Law embodies the same standards for joint employment as the FLSA." *Chen v. St. Beat Sportswear, Inc.,* 364 F.Supp.2d 269, 278 (E.D.N.Y.2005) (citing cases).

In *Paz v. Piedra*, 2012 WL 12518495 (SDNY), a case directly on point with this case, the Southern District analyzed an attempt by an FLSA plaintiff to hold four corporate defendants liable as a single joint employer.

Defendants Leonarda and Ignacio Piedra were the principal shareholders of the four corporations which operated three restaurants. All of the plaintiffs were employed at some point in time in all of the restaurants. When the plaintiffs moved for summary judgment, the defendants did not oppose the motion or offer any facts to contradict the plaintiff's Rule 56.1 statement. Nevertheless, the court examined the relationship between the corporate entities and the restaurants and found that they could not be treated as a joint employer. The court analyzed four factors and found them all lacking:

 (1) that one Corporate Defendant could fire or hire the employees of another;

(2) that one Corporate Defendant supervised and controlled the work schedules or work conditions of another's employees;

(3) that one Corporate Defendant determined the compensation of another's employees; and

(4) that one Corporate Defendant maintained personnel records of another's employees.

*Paz,* supra*,* at page 6. None of those factors are met here, either. Documentary evidence establishes that each corporation maintained its own payroll and bank accounts. The affidavits attest each corporation setting its' own work schedules.  In this case, two of the four entities are wholly owned by one individual whereas in *Paz*, the same two people owned the majority of all the corporations making the facts of this case even stronger.

  Most importantly, the *Paz* court noted that the work of the employees of one restaurant did not inure to the benefit of the other corporations. *Id.* at page 6.  Again that would be especially true where the work of employees of defendants Namjit and Thai Montague would only inure to their sole owner's benefits. The court also stated that the Piedras' ownership of all of the restaurants was "insignificant" for purposes of determining joint employment status. *Id* at p.7. The court stated "The mere fact that each Corporate Defendant is owned in whole or major

6

part by the same persons simply does not permit this Court to disregard their distinct legal statuses" *Id.* at p. 7 citing *Pfohl Bros. Landfill Site Steering Comm. v. Allied Waste Sys., Inc.,* 255 F.Supp.2d 134, 179 (W.D.N.Y.2003) (explaining the various prerequisites for holding one company responsible for the liabilities of an affiliated company with common ownership).

For all the foregoing reasons, the corporate and individual defendants should not be treated as "joint employers."  Defendants are therefore entitled to summary judgment on that issue.

## POINT II

### BECAUSE THE INDIVIDUAL MOVANTS DID NOT EXERCISE OPERATIONAL CONTROL OVER ANY OF THE RESTAURANTS SUMMARY JUDGMENT MUST BE GRANTED

The complaint contains no specific factual allegations as to what each defendant did at each corporation. Rather it relies on general, unspecified allegations of corporate ownership and that the individuals set the schedules of the plaintiff. *See*, complaint at paragraph 3, 27 and 28. The defendant Leathers has submitted an affidavit attesting that he holds no ownership of the corporations and only is employed at one of the corporate defendants. The defendants Lirtpanaruk and Sopachana have submitted affidavits attesting that they relinquished their corporate ownership in defendant Cafetasia, Inc. in 2013 and had nothing to do with the company since. They never held any interest in the other three corporations.

A company owner, president, or stockholder must have at least some degree of involvement in the way the company interacts with employees to be a FLSA "employer." Many cases rely on *Wirtz v. Pure Ice Co.,* 322 F.2d 259, 262 (8th Cir.1963), for this proposition. In *Wirtz,* the court concluded that the individual defendant was not an employer even though he was the "controlling stockholder and dominating figure" because although he "could have taken

7

over and supervised the relationship between the corporation and its employees had he decided to do so," he did not. *Id.* (quotation marks omitted).

In *Herman v. RSR Sec. Serv. Ltd,* 172 F.2d 132 (2d Cir. 1999), the Second Circuit cited three cases with holdings in accordance with *Wirtz* in resolving the "operational control" issue. First, in *Donovan v. Sabine Irrigation Co.,* 695 F.2d 190, 194–95 (5th Cir.1983), the Fifth Circuit determined that an individual without an interest in the employer corporation could be held liable if he "effectively dominates its administration or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees"—or if he lacked that power but "independently exercised control over the work situation." The *Sabine* court found the individual defendant liable because he "indirectly controlled many matters traditionally handled by an employer in relation to an employee (such as payroll, insurance, and income tax matters)," noting also that the defendant's "financial gymnastics directly affected Sabine's employees by making it possible for Sabine to meet its payroll and keep its employees supplied with the equipment and materials necessary to perform their jobs." *Id.* at 195. (quotation marks omitted).

Second, in *Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962, 966 (6th Cir.1991), the Sixth Circuit found an individual defendant to be an employer who testified that he "made major corporate decisions" but "did not have day-to-day control of specific operations." The court found that the defendant's responsibilities, which included determining employee salaries, constituted "operational control of *significant aspects* of the corporation's day to day functions." *Id.* (quotation marks omitted) (emphasis in original).

Finally, in *Donovan v. Agnew,* 712 F.2d 1509, 1511 (1st Cir.1983), the First Circuit imposed liability on individual defendants "who together were President, Treasurer, Secretary and sole members of the Board" of the defendant company. One of the defendants had been

8

"personally involved in decisions about layoffs and employee overtime hours," *id.,* and the defendants together had "operational control of significant aspects of the corporation's day to day functions, including compensation of employees, and [ ] personally made decisions to continue operations despite financial adversity during the period of nonpayment," *id.* at 1514.

The First Circuit later concluded that individuals who had "exercised some degree of supervisory control over the workers" and been "responsible for overseeing various administrative aspects of the business" but had not demonstrated other important characteristics— "in particular, the personal responsibility for making decisions about the conduct of the business that contributed to the violations of the Act"— were not personally liable under the FLSA. *Baystate Alternative Staffing, Inc. v. Herman,* 163 F.3d 668, 678 (1st Cir.1998). The court rejected an "expansive application of the definition of an 'employer' " that would find that "the significant factor in the personal liability determination is simply the exercise of control by a corporate officer or corporate employee over the 'work situation.' " *Id.* at 679.

The Second Circuit focuses not on operational control of the company but on operational control over the employees. *Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir.2013). In *Irizarry*, the Second Circuit stated "Evidence that an individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function, is insufficient to demonstrate "employer" status. Instead, to be an "employer," an individual defendant must possess control over a company's actual "operations" in a manner that relates to a plaintiff's employment." *Id.* at 109.

None of the moving individual defendants exercised any such operational control over the subject corporations.  Two of them were only owners of one corporation and that relationship ceased in 2013; anything before that is beyond the FLSA statute of limitations. The affidavit of

9

defendant Lirtpanaruk attests that even when he was a small owner of Cafetasia Inc he exercised no operational control over the company. Defendant Leathers was never an owner of any company and did not exercise operational control over employees.

Accordingly, summary judgment must be granted in defendants Sopachana's, Lirtpanaruk's and Leathers' favor.

## POINT III

### SEVERANCE OF THE CLAIMS AGAINST THE THREE CORPORATE MOVANTS IS REQUIRED UNDER FRCP RULE 21 BECAUSE THE CLAIMS CALL FOR DIFFERENT FACTS AND WITNESSES AND PREJUDICE WOULD RESULT IF THE CASES WERE JOINED

**STANDARD OF REVIEW**

Federal Rules of Civil Procedure Rule 21 states, in part: "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately."

Federal Rules of Civil Procedure Rule 42(b) states, in pertinent part, that "[t]he Court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim ...." It is important to distinguish between severance that occurs under Rule 21 and separate trials that occur under Rule 42. "Separate trials usually will result in one judgment, but severed claims become entirely independent actions to be tried, and judgment entered thereon, independently." 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 2387.

The trial court has broad discretion in deciding whether to sever claims or grant separate trials and it is to contemplate the same factors under either inquiry. *New York v. Hendrickson Bros., Inc.,* 840 F.2d 1065, 1082 (2d Cir.1988). A court considers: "(1) whether

10

the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact, (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *Morris v. Northrop Grumman Corp.,* 37 F.Supp.2d 556, 580 EDNY 1999); *Lewis v. Triborough Bridge & Tunnel Auth.,* No. 97 Civ. 0607(PKL), 2000 WL 423517, at 2 (S.D.N.Y. April 19, 2000).

"Severance requires the presence of only one of these conditions." *Lewis,* 2000 WL 423517 at 2 (citing *Ricciuti v. New York City Transit,* 796 F.Supp. 84, 86 (S.D.N.Y.1992)).

## **ANALYSIS**

Plaintiff seeks to bring as a single claim, what is in fact – at best – four separate claims against four distinct employers. His complaint sets forth the distinct periods of time he worked at each location. See, e.g.  Plaintiff's Complaint at paragraphs 51-54.

Here, the claims do not arise out of the same transaction or occurrence as the employment at each location was for distinct time periods  For example, Plaintiff alleges he worked at defendant Namjit for only one month in 2014 (para 51).  The complaint alleges he only worked at Thai Montague for six months in 2016 (para 55). It alleges he worked at Cafetasia Inc. from 2014-2017 and at Gramercy Thai from 2014-2017.

 While the claims present common questions of law, they present distinct questions of fact due to the distinct ownership of the corporations and the distinct hours that plaintiff worked at each location. For example, looking at paragraph 53, plaintiff clearly is able to delineate when he worked at each separate location but then combines the time periods to allege that he worked a 69 hour workweek. Non-owners of the single owner entities would be prejudiced by joinder of these claims; they are entitled to be judged as to how plaintiff was treated by each separate

corporation.  This particularly true of defendant Namjit, whose contact with the plaintiff was limited to one month and for defendant Thai Montague where plaintiff only worked for six months.

All of the corporate defendants' records are separate and as the affidavits attest there will be witnesses with knowledge only as to each separate entity. Therefore, severance is appropriate as several of the factors requiring severance are present.

In *Morris v Northrup Grumman*, 37 F.Supp2d 556 (1999 EDNY), the court granted defendants' motion to sever the claims of two plaintiffs who were alleging racial discrimination. One plaintiff only alleged a limited period of discrimination occurring in 1993 while the other plaintiff alleged continual discrimination occurring between 1982 and 1994. The court found that combining these two into one claim or even ordering joint trial would prejudice the defendants (and likely one plaintiff) because of the "potential inferences or conclusions that the jury may draw from the different claims and the strength of the respective cases." *Id.* at 581.

The same analysis holds here as the plaintiff worked at the four locations at different times and the allegations as to the hours worked at each location also vary. Because of the clear separate nature to the entities, defendants argue that severance under Rule 21 is required. If the court disagrees, then at the very least Rule 42 separate trials should be ordered.

If the court does not grant the individual defendants summary judgment, then the claims against them must be severed from the claims of the corporations in which they had no ownership or control. It would be prejudicial to these individuals to have to participate in an action against three corporate defendants in which they had no interest whatsoever.

## **CONCLUSION**

For all the foregoing reasons, the motions should be granted in their entirety along with such other and further relief as the court deems just and proper.

Dated: July 14, 2017                           Respectfully Submitted,

/s/ Oscar Michelen /s/

CUOMO LLC
BY: OSCAR MICHELEN (OM 5199)
200 Old Country Road
Suite 2 South
Mineola, NY  11150-4242
Tel: 516-741-3222
Fax: 516 741-3223
*Attorneys for Defendants Gramercy Thai Namjit, Thai Montague, Sopochana Lirtpanaruk and Leathers*