UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
 LUIS PASCUAL NUGZHI GUARACA, *individually
and on behalf of others similarly situated,*


     -against-


CAFETASIA INC. (d/b/a SOMTUM DER),
GRAMERCY THAI INC. (d/b/a LANTERN THAI       Case No.: 17cv1516(VSB)
KITCHEN), NAMJIT INC. (d/b/a Cafetasia), THAI
MONTAGUE, INC. (d/b/a LANTERN THAI
KITCHEN), SOPANUT SOPOCHANA, KITTIGRON
LIRTPANARUK, PHAKPHOOM SIRISUWAT,
SUPANEE KITMAHAWONG, and KEVIN
LEAPAGERS
                   Defendants
--------------------------------------------------------------------x


## DEFENDANTS' REPLY MEMORANDUM OF LAW
## IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

CUOMO LLC
BY: OSCAR MICHELEN (OM 5199)
200 Old Country Road
Suite 2 South
Mineola, NY  11150-4242
Tel: 516-741-3222
Fax: 516 741-3223
*Attorneys for Defendants Gramercy Thai
Namjit, Thai Montague, Sopochana
Lirtpanaruk and Leathers*

1

# TABLE OF CONTENTS

1. Table of Authorities …………………………………………………   ii

2. Preliminary Statement …………………………………………   1

3. Statement of Facts …………………………………………………..   1

4. Argument …………………………………………………………   1

POINT I

PLAINTIFF DID NOT DISTINGUISH
THE CONTROLLING CASE LAW WHICH
DEMONSTRATES THAT THE CORPORATIONS
DO NOT QUALIFY AS JOINT EMPLOYERS UNDER
THE FAIR LABOR STANDARDS ACT OR
THE NEW YORK LABOR LAW  …………….…   1

POINT II

THE FEDERAL REGULATIONS CITED BY
PLAINTIFF SUPPORT DEFENDANTS' MOTION
BY VIRTUE OF THE DEFENDANTS' SEPARATE
CORPORATE EXISTENCE AND BECAUSE TWO
OF THE CORPORATIONS ARE ONLY OWNED BY ONE PERSON ………   6

POINT III

SEVERANCE OF THE CLAIMS AGAINST THE THREE CORPORATE
MOVANTS IS REQUIRED UNDER FRCP RULE 21
BECAUSE THE CLAIMS CALL FOR DIFFERENT FACTS AND WITNESSES
AND PREJUDICE WOULD RESULT IF THE CASES WERE JOINED . . .. .   8

5. Conclusion ………………………………………………………………….   8

# TABLE OF AUTHORITIES

**Cases**

*Carter v. Dutchess Community College,* 735 F.2d 8, 12 (2d Cir.1984).........................................2

*Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir.2013) ...............................................................7

*Lopez v. Silverman,* 14 F.Supp.2d 405 (S.D.N.Y.1998) ...................................................................2

*Paz v. Piedra*, 2012 WL 12518495 (SDNY) ...................................................................................4

*Wirtz v. Pure Ice Co.,* 322 F.2d 259, 262 (8th Cir.1963)..................................................................7

*Zheng v. Liberty Apparel Co.*, 355 F.3d 61 (2d Cir. 2003).............................................................2

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in support of Defendants Gramercy Thai, Inc.'s, Namjit, Inc's, Thai Montague Inc.'s, Sopanut Sopochana's, Kittigron Lirtpanaruk's and Kevin Leathers' motions for summary judgment pursuant to Federal Rule of Civil Procedure Rule 56.

## STATEMENT OF FACTS

The relevant facts are set forth in the accompanying Rule 56.1 statement; the affidavits of Supanee Kitmahawong, Phakphoom Sirisuwat, Kittigron Lirtpanaruk, Sopachana Sopanut, and Kevin Leathers (sued herein as Kevin Leapagers); and the affirmation of Oscar Michelen, dated July 14, 2017, filed in support of the motion. Plaintiff has acknowledged that each corporation keeps separate bank records; payroll records; time records; and that he was paid by whatever corporation operated the particular restaurant he at which he was working.

## ARGUMENT

### POINT I

### PLAINTIFF DID NOT DISTINGUISH THE CONTROLLING CASE LAW WHICH DEMONSTRATES THAT THE CORPORATIONS DO NOT QUALIFY AS JOINT EMPLOYERS UNDER THE FAIR LABOR STANDARDS ACT OR THE NEW YORK LABOR LAW

In attempting to oppose defendants' summary judgment motion, Plaintiff highlights Federal regulations defining joint employment (see page 9 of the Memorandum in Opposition). While defendants will demonstrate in the following point that the definitions do not support a finding of joint employment here, plaintiff's reliance upon these regulations establishes that he cannot distinguish his case from the controlling cases cited by defendants in their Memorandum of Law.

1

Plaintiff attempts to distinguish  *Carter v. Dutchess Community College,* 735 F.2d 8, 12 (2d Cir.1984), where the Second Circuit adopted a specific test for joint employment, by citing to *Zheng v. Liberty Apparel Co.*, 355 F.3d 61 (2d Cir. 2003). Zheng, however, dealt with subcontractors and middlemen jobbers, primarily focusing on whether they were independent contractors and not employees. The court in *Zheng*, adopted an additional test that supports a finding that defendants are not joint employers. The *Zheng* court used a seven-part test developed by Judge Denise Cote  in *Lopez v. Silverman,* 14 F.Supp.2d 405 (S.D.N.Y.1998):

(1) the extent to which the workers perform a discrete line-job forming an integral part of the putative joint employer's integrated process of production or overall business objective;

(2) whether the putative joint employer's premises and equipment were used for the work;

(3) the extent of the putative employees' work for the putative joint employer;

(4) the permanence or duration of the working relationship between the workers and the putative joint employer;

(5) the degree of control exercised by the putative joint employer over the workers;

(6) whether responsibility under the contract with the putative joint employer passed "without material changes" from one group of potential joint employees to another; and

(7) whether the workers had a "business organization" that could or did shift as a unit from one putative joint employer to another.

*See Lopez* 14 F.Supp.2d at 419–20.  Here, there was no connection between one companies work that inured to the benefit of another corporation.(Factor 1). Other than an allegation that a meat grinder was used on occasion in 2013 at one restaurant for grinding of meat at another restaurant, one restaurant's equipment is not even alleged to be used for another restaurant (Factor 2).

2

 Each corporation had no control over the plaintiff while he was working at another particular corporation so the extent of plaintiff's work was only directly for that corporation at the site he was working at (Factor 3).  By his own admission and by the records produced by defendants, Plaintiff barely worked for Namjit Inc. (see paragraph 28 of the Guaraca affidavit). While defendants' records show he worked there less than a week, he alleges only that he worked there for a month. This is not of enough permanence or duration to make Namjit Inc. a co-employer of plaintiff at the three other locations. Similarly, he alleges he worked one day per week for Thai Montague and at that schedule for only a few short months. (See paragraph 32 of the Guaraca affidavit).  Working a few days over a period of years at one corporation cannot be enough time spent to make those corporations co-employers. (Factor 4).  Plaintiff acknowledges that Defendant Sirusiwat is the sole owner of Thai Montague and that he has no interest in defendant Namjit.  Plaintiff acknowledges that Defendant Kitmahawong is the sole owner of Namjit and that she has no interest in defendant Thai Montague. Therefore those individual defendants and their respective corporations exercised no control over plaintiff while he was at the other's corporations. (Factor 5).  Factor 6 is inapplicable as there is no employment contract here. Likewise Factor 7 is not applicable as there was no unit that was shifted from  corporation to corporation. In fact, plaintiff's affidavit attests that it was his desire to get more hours that often lead to him working at another corporation. For example in paragraph 30 he states:

"Jimmy told me that Somtum Der didn't need me to continue to work for as many days as they did previously, but if I wanted to continue to work the same number of hours, he could arrange with Piton for me to work similar hours at Lantern Thai Second Avenue."  And then in paragraph 32, he states that "Jimmy told me that Somtum Der didn't need me to work on Sundays because they hired someone else to do my job on Sundays. I told Jimmy I wanted to continue to work the

same number of hours. Jimmy told me the boss [unidentified] needs someone to work Sundays at Lantern Thai Kitchen in Brooklyn so I agreed to work there on Sundays. Jimmy spoke to the head chef at Lantern Thai Kitchen in Brooklyn, "Kevin" and they arranged for me to continue work on Sundays, changing to the Lantern Thai Kitchen in Brooklyn." These admissions from plaintiff establish that rather than being mandated to work at whatever location of the defendants' choosing, plaintiff's employment at the various restaurants (and indeed his only employment at Thai Montague) came at his request of wanting to work more hours.

Plaintiff also cannot adequately distinguish his case from *Paz v. Piedra*, 2012 WL 12518495 (SDNY), whose facts are directly in line with this case. In that case two individuals owned four corporations that operated three restaurants. All of the plaintiffs worked at a time at all of the corporations. Yet the court in applying four factors (set forth in page 5 of defendants' Memorandum of Law) found that joint employment did not exist. To get around *Paz*, plaintiff makes two points (1) Plaintiff and not defendant moved for summary judgment and (2) The three corporations employed 200 employees. As to the first point, that distinction makes no difference as to whether joint employment was existent. In fact, the defendants did not even oppose the motion in *Paz*, but nevertheless the court on its own review of the facts determined that there was clear legal distinctions between each of the corporations and that no employee or owner of one corporation was supervising or controlling plaintiffs while they were at the other corporation. Here, plaintiff has offered no facts that establish that while he was working at Corporation #1, he was supervised or controlled by an owner of Corporation #2, acting on behalf of Corporation #2. Plaintiff's second argument against *Paz* is also not determinative. While it is true that only four of 200 employees worked at other locations, that factor was fleeting and not of great weight to the *Paz* court. Rather, what was of importance is that the corporations kept clear distinct lines

4

between the entities and that there was no supervision at one entity by an agent of another entity,

using language directly applicable to the present case:

Plaintiffs have provided no evidence (1) that one Corporate Defendant could fire or hire the employees of another; (2) that one Corporate Defendant supervised and controlled the work schedules or work conditions of another's employees; (3) that one Corporate Defendant determined the compensation of another's employees; or (4) that one Corporate Defendant maintained personnel records of another's employees. . . .  As for the four individuals who have worked for multiple Corporate Defendants, unlike the situation that prevailed in cases such as *Zheng* and *Rutherford Food Corp. v. McComb,* 331 U.S. 722 (1947), there is no evidence that the work they performed at one restaurant also benefitted a Corporate Defendant that did not own that restaurant. *See id.* Moreover, while it is true that restaurant employees were supervised by the Piedras and that the Piedras were agents of all three restaurants, this fact is insignificant under the present circumstances. It would constitute a factor weighing in favor of finding each Corporate Defendant a joint employer of all employees if, like the supervising agents in *Zheng* and *Rutherford,* the Piedras supervised the employees of one restaurant while acting in the capacity of an agent for another restaurant. However, unlike the supervising managers in *Zheng* and *Rutherford,* there is no indication that the Piedras supervised employees of a given restaurant in their capacities as agents of any other restaurant.  . . . Accordingly, plaintiffs have failed to demonstrate that any one Corporate Defendant exercised either formal or functional control over the workers of any other.

*Paz v. Piedra*, 2012 WL 12518495 at pages 6-7 (SDNY)(certain internal citations omitted).

Similarly, since none of the individual defendants engaged in acts that would apply to the above

four factors, they also fail to qualify as joint employers.

The work done by plaintiff only inured to the benefit of the particular corporation and

owner of that corporation for which he was working at any particular time.  That factor

outweighs all the other small connections between the defendants that would warrant a finding of

joint employment.

5

## POINT II

### THE FEDERAL REGULATIONS CITED BY
### PLAINTIFF SUPPORT DEFENDANTS' MOTION
### BY VIRTUE OF THE DEFENDANTS' SEPARATE
### CORPORATE EXISTENCE AND BECAUSE TWO
### OF THE CORPORATIONS ARE ONLY OWNED BY ONE PERSON

On page 9 of his Memorandum of Law in Opposition, Plaintiff cites several Federal

regulations providing definitions of joint employment. Examining the facts of this case against

those definitions establishes defendants' right to summary judgment.

The factors relied upon by plaintiff are found in Department of Labor regulations italicized

below with a short factual analysis by defendants following each point:

• *Who owns the potential joint employers (i.e., does one employer own part or all of the other or do they have any common owners)*;  Here, two have common owners but two do not have common owners.

• *Do the potential joint employers have any overlapping officers, directors, executives, or managers*; Again, here, only two employers have overlapping owners and officers.

• *Do the potential joint employers share control over operations (e.g., hiring, firing, payroll, advertising, overhead costs)*; Here, the only facts in support of this factor cited by plaintiff is that two restaurants share a website; two restaurants buy their to-go bags from the same place – though they are paid for by each separate corporation; they share a bookkeeper (Defendant Kitmahawong); and an allegation that in the year 2013 plaintiff occasionally observed the joint use of a meat grinder and allegedly some cross-delivery of chicken. This is the only factor in which plaintiff has offered any evidence and this scant evidence is insufficient in light of all the other factors in defendants' complete favor;

• *Are the potential joint employers' operations inter-mingled* (for example, is there one administrative operation for both employers, or does the same person schedule and pay the employees regardless of which employer they work for); Plaintiff has acknowledged and his affidavit attests further that each restaurant set its own schedule for his hours and that he was paid separately by each employer.

• *Does one potential joint employer supervise the work of the other* Plaintiff offers no evidence in support of this factor and in the case of two defendants Namjit and Thai Montague – they are owned by only one individual with no allegation of connection;

• *Do the potential joint employers share supervisory authority for the employee*; Same response as above;

6

• *Do the potential joint employers treat the employees as a pool of employees available to both of them*; The evidence offered by plaintiff is that while there were employees who worked at more than one location, they were all paid separately for their work at each location and in plaintiff's case that his working at another location resulted from his request for more hours.

• *Do the potential joint employers share clients or customers*; There is no evidence of this and the four restaurants are geographically distant from each other making it highly unlikely; and

• *Are there any agreements between the potential joint employers.* No such agreements exist

So while plaintiff has offered his own set of factors a codified in Federal regulations, those

factors support the granting of summary judgment to defendants.

Whenever plaintiff worked at one corporation his services did not inure to the benefit of

any other corporation. Whenever he worked at Namjit his services only inured to the benefit of

Namjit and its owner Kitmahawong. Whenever he worked at Thai Lantern Brooklyn, his services

only inured to the benefit of Thai Montague Inc and its owner Sirisuwat.

In *Wirtz v. Pure Ice Co.,* 322 F.2d 259, 262 (8th Cir.1963),, the court concluded that the

individual defendant was not an employer even though he was the "controlling stockholder and

dominating figure" because although he "could have taken over and supervised the relationship

between the corporation and its employees had he decided to do so," he did not. *Id.* (quotation

marks omitted).  Plaintiff has offered no evidence that Defendant Sirisuwat exercised control

over any entity besides Thai Montague, where he is the sole owner. It would be against public

policy to hold him to be plaintiff's employer at the other three locations where he had either no

or minimal involvement.

The Second Circuit focuses not on operational control of the company but on operational

control over the employees. *Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir.2013). In *Irizarry*,

the Second Circuit stated "Evidence that an individual is an owner or officer of a company, or

7

otherwise makes corporate decisions that have nothing to do with an employee's function, is

insufficient to demonstrate "employer" status. Instead, to be an "employer," an

individual defendant must possess control over a company's actual "operations" in a manner that

relates to a plaintiff's employment." *Id.* at 109.  None of the moving individual defendants

exercised any such operational control over the subject corporations. Plaintiff ahs acknowledged

that and agreed to drop three of them; but the same test applied to Defendants Kitmahawong and

Sirisuwat mandates their dismissal from this case as well. See, affidavits of defendant

Kitmahawong (at paragraphs 13 and 14) and defendant Sirisuwat (at paragraph 14) , establishing

those defendants had little to no control over plaintiff's work schedules.

Accordingly, summary judgment must be granted in all defendants' favor.

## POINT III

### SEVERANCE OF THE CLAIMS AGAINST THE THREE CORPORATE MOVANTS IS REQUIRED UNDER FRCP RULE 21 BECAUSE THE CLAIMS CALL FOR DIFFERENT FACTS AND WITNESSES AND PREJUDICE WOULD RESULT IF THE CASES WERE JOINED

Defendants rely on their main brief in response to plaintiff's opposition papers as the

plaintiff's Memorandum of Law applies the same factors raised in defendants' Memorandum and

does not refute the propriety of severance.

## <u>CONCLUSION</u>

For all the foregoing reasons, the motions should be granted in their entirety along with

such other and further relief as the court deems just and proper.

8

Dated: January 30, 2018                  Respectfully Submitted,

                                         /s/ Oscar Michelen /s/

                                         CUOMO LLC
                                         BY: OSCAR MICHELEN (OM 5199)
                                         200 Old Country Road
                                         Suite 2 South
                                         Mineola, NY  11150-4242
                                         Tel: 516-741-3222
                                         Fax: 516 741-3223
                                         *Attorneys for Defendants Gramercy Thai
                                         Namjit, Thai Montague, Sopochana
                                         Lirtpanaruk and Leathers*

9