UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS PASCUAL NUGZHI GUARACA,
*individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

CAFETASIA INC. (d/b/a SOMTUM DER), GRAMERCY THAI INC. (d/b/a LANTERN THAI KITCHEN), NAMJIT INC. (d/b/a Cafetasia), THAI MONTAGUE, INC. (d/b/a LANTERN THAI KITCHEN), SOPANUT SOPOCHANA, KITTIGRON LIRTPANARUK, PHAKPHOOM SIRISUWAT, SUPANEE KITMAHAWONG, and KEVIN LEAPAGERS

*Defendants.*

Case No. 17-CV-01516-VSB

**SETTLEMENT AGREEMENT
AND
RELEASE**

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Luis Pascual Nugzhi Guaraca ("Plaintiff Guaraca") on the one hand, and Cafetasia Inc. (d/b/a Somtum Der), Gramercy Thai Inc. (d/b/a Lantern Thai Kitchen) Namjit Inc. (d/b/a Lantern Thai Kitchen), Thai Montague, Inc. (d/b/a Lantern Thai Kitchen) ("Defendant Corporations") and Phakphoom Sirisuwat, and Supanee Kitmahawong, ("Individual Defendants"), collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiff Guaraca alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff Guaraca alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York District of New York, Civil Action No: 17-cv-01516 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff Guaraca, subject to the terms

1231196.1

and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff Guaraca may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Eighty Thousand Dollars and No Cents (**$80,000.00**) (the "Settlement Amount") to be paid to Plaintiff as follows:

    (a)    Payment shall be delivered within Thirty Days (30) of settlement execution in the amount of Eighty Thousand Dollars and Zero Cents ($80,000) made payable to "Michael Faillace & Associates, P.C. as Attorney for Plaintiff." The payment will be allocated as follows: Fifty Two Thousand Three Hundred Eighty Two Dollars and Sixty Seven Cents ($52,382.67) to Luis Pascual Nugzhi Guaraca and Twenty Seven Thousand Six Hundred Seventeen Dollars and Thirty Three Cents ($27,617.33) to Michael Faillace & Associates, P.C.

Payment set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. Thirty Days (30) after execution of the settlement agreement by both parties and will be held in Plaintiff's escrow account until court approval of the settlement at which point funds will be due and payable. Checks will be sent to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver said checks shall constitute a default under the Agreement.

    2.    <u>Release and Covenant Not To Sue</u>: Plaintiff Guaraca hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiff Guaraca at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiff Guaraca from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff Guaraca relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

    3.    <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

    4.    <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Guaraca and Defendants.

    5.    <u>Acknowledgments:</u> Plaintiff Guaraca and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6. <u>Notices</u>:   Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof.  Notice hereunder shall be delivered to:

To Plaintiff Guaraca:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:
Oscar Michelen
Cuomo LLC
200 Old Country Road
Mineola, NY 11501
Email: OMichelen@cuomollc.com

7. <u>Governing Law</u>:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8. <u>Enforceability</u>: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Guaraca agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9. <u>Release Notification</u>:  Defendants advised Plaintiff Guaraca to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiff Guaraca acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff Guaraca acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiff Guaraca confirms that this Settlement Agreement and Release has been translated to them in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

10. **Counterparts**: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____  Date: 08/26/19
Luis Pascual Nugzhi Guaraca

DEFENDANTS:

*Defendant Corporation*

By: _____  Date: 9/3/19
Cafetasia Inc. (d/b/a Somtum Der)

By: _____  Date: 9/3/19
Gramercy Thai Inc. (d/b/a Lantern Thai Kitchen)

By: _____  Date: 9/3/19
N Amjit Inc. (d/b/a Lantern Thai Kitchen) Cafetasia

By: _____  Date: 9/3/19
Thai Montague, Inc. (d/b/a Lantern Thai Kitchen)

*Individual Defendants*

By: _____  Date: 9/3/19
Phakphoom Sirisuwat

By: _____  Date: 9/3/19
Supanee Kitmahawong