```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/6/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
               :
LUIS PASCUAL NUGZHI GUARACA,  :
               :
          Plaintiff,  :
               :       17-CV-1516 (VSB)
     -v-          :
               :       **ORDER**
               :
CAFETASIA INC., *doing business as*  :
SOMTUM DER, et al.  :
               :
          Defendants.  :
-------------------------------------------------------------- X

VERNON S. BRODERICK, United States District Judge:

      The Court has been advised that the parties have reached a settlement in this Fair Labor Standards Act ("FLSA") case. (Doc. 73.) Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15-CV-3068, 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015). For the reasons stated herein, I find that the settlement of the parties is fair and reasonable and therefore approve the settlement.

      **I.**      **Legal Standard**

      To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the

product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (citation omitted). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 2020 WL 550470, at *6 (citing *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)). "When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Id.* at 597.

## II. Discussion

Pursuant to my Order of September 4, 2019, (Doc. 71), the parties have submitted a letter detailing why they believe the settlement reached in this action, and the contemplated attorney's fees, are fair and reasonable, (Doc. 73). I have independently reviewed the settlement agreement and the supporting evidence in order to determine whether the terms of the settlement agreement are fair, reasonable, and adequate. I find that they are and therefore approve the parties' settlement agreement.

### A. *Settlement Amount*

I first consider the settlement amount. The total settlement amount is $80,000, of which $52,382.67 will be distributed to Plaintiff. (Doc. 73-1 § 1(a).) Counsel represents that Plaintiff would be entitled to approximately $138,822.49 if he were to recover in full for his claims,

including liquidated damages, penalties, and interest. (Doc. 73, at 2.) While the settlement amount is therefore only a fraction of the total amount Plaintiff claims is owed to him, the parties argue that this settlement is fair in light of the litigation risks particular to this case. For example, Defendants vehemently deny Plaintiff's allegations of the hours he worked, and indicated they would provide witnesses at trial rebutting Plaintiff's factual assertions. (*Id.* at 3.) Defendants also contest that they constitute joint employers, and this issue would have to be decided at trial given my denial of summary judgment on this issue. (*See* Doc. 56.) The parties settled this case after substantial motion practice and appear to have engaged in good-faith arm's-length negotiations. In addition, the potential costs of a forthcoming trial in this case militate in favor of settlement of this case. Finally, there is no basis for me to believe that there was any fraud or collusion involved in the settlement. Therefore, based on the representations of the parties and my own analysis of the totality of the circumstances present here, I find that the settlement agreement appears to be a fair and reasonable resolution of this dispute.

### B.     *Remaining Provisions*

I next consider the attorney's fees contemplated in the settlement agreement. The attorney's fees sought are $27,617.33, of which $1,426.00 are costs. (Doc. 73, at 3.) The attorney's fees represent approximately one-third of the total $80,000 settlement amount. In support of this request, Plaintiff's counsel has submitted its billing records and costs in this case, which include $11,890.00 in fees and $1,426.00 in costs. (Doc. 73-3.) As an initial matter, courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) ("When using a 'percentage of the fund' approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'" (quoting *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)). A one-third award in this case is far

from a windfall for Plaintiff's counsel, but instead represents reasonable compensation for the work put into this case, which included investigating and filing these claims, discovery, and summary judgment briefing.  This conclusion is buttressed by the fact that the requested amount is only 2.2 times the lodestar.  *See Sakikio Fujiwara v. Sushi Yasuda, Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) (noting that "a [lodestar] multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases"); *Johnson v. Brennan*, No. 10-CV-4712 (CM), 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011) ("Courts regularly award lodestar multipliers from two to six times lodestar.").  Based on this analysis, I find the attorney's fees contemplated in the settlement agreement to be fair and reasonable.

### III.  Conclusion

For the reasons stated above, I find that the parties' proposed settlement agreement is fair and reasonable.  The settlement agreement of the parties is hereby APPROVED.  The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:      May 6, 2020
            New York, New York

_____
Vernon S. Broderick
United States District Judge